FILED

2003 NOV 19 P 2:17

U.S. DISTRICT COURT
HARTFORD CT

# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | |
|---|---|
| ELAINE KNIGHT<br>　　　　Plaintiff<br>vs.<br><br>HARTFORD PUBLIC SCHOOLS,<br>HARTFORD HOSPITAL, ET AL<br>　　　　Defendant | CIVIL ACTION NO.<br>302 CV 1697 (AWT)<br><br><br>November 19, 2003 |

### Defendant Hartford Public Schools'
### Motion for Summary Judgment
### And Memorandum In Support Thereof

Defendant Hartford Public Schools hereby moves for summary judgment in its favor on the First, Fourth and Fifth Counts of the complaint. The bases for the motion, as set forth more fully below, are that: 1) the undisputed material facts establish that plaintiff failed to exhaust her administrative remedies against defendant Hartford Public Schools before suing defendant under Title VII; 2) the undisputed material facts establish that defendant Hartford Public Schools was not plaintiff's employer and has no responsibility as employer under Title VII; and 3) the undisputed material facts

and the law establish that plaintiff cannot make out her claims against defendant Hartford Public Schools for negligent or intentional infliction of emotional distress.

In support of its Motion, defendant submits the Memorandum contained herein, Defendant's Local Rule 9(c) Statement with attached portion of the deposition testimony of plaintiff ("Plaintiff's Deposition") and Affidavit of Gail Johnson ("Johnson Affidavit").

### A. Summary of the Complaint

### I. Claims Against Hartford Public Schools

The First Count of the complaint alleges that defendant Hartford Public Schools intentionally discriminated against plaintiff in the workplace on the basis of plaintiff's race in violation of Title VII of the Civil Rights Act of 1964. The Fourth and Fifth Counts of the complaint allege that defendant Hartford Public Schools negligently and intentionally inflicted emotional distress on the plaintiff. These are the only Counts remaining in the complaint against defendant Hartford Public Schools.[1]

---

[1] Plaintiff's Motion To Withdraw the Second Count of the complaint, also initially pleaded against this defendant, was granted by the Court on November 22, 2002.

## II.     Factual Allegations of the Complaint

The complaint alleges that the plaintiff is an African American female who was employed by defendant Hartford Hospital as Coordinator for the 21st Century Program operated by defendant Hartford Hospital, and housed in defendant Hartford Public Schools' Bulkeley High School. (Complaint, Paragraphs 7, 8, 12 and 13).

Plaintiff alleges that she was treated differently than similarly situated employees in that she was not given access to basic office resources such as phones, fax machine, copier, scissors, etc, (Complaint, Paragraph 14), that her office space was dismantled without notice (Complaint, Paragraph 15), and that such treatment prevented plaintiff from being productive (Complaint, Paragraph 16). She alleges that Hartford Hospital's Susan Maxwell terminated her for poor performance and insubordination (Complaint, Paragraphs 11 and 17) and that Hartford Hospital's Satherlie treated African Americans differently than Caucasians (Complaint, Paragraphs 10 and 18).

In Counts Four and Five, Plaintiff goes on to allege that these actions were extreme and outrageous in that defendants employed supervisory discretion in a discriminatory manner and abused the relationship of employer/employee, which gave

defendants the power to damage plaintiff's interests (Complaint, Paragraph 30). This allegedly extreme and outrageous use of supervisory discretion in a discriminatory manner, plaintiff claims, involved an unreasonable risk of causing emotional distress and did cause plaintiff to suffer mental anguish and severe emotional distress (Complaint, Paragraphs 31 and 32). Finally, plaintiff alleges that defendants employed supervisory discretion in a discriminatory manner to impose unwarranted disciplinary measures on plaintiff, abusing the relationship of employer/employee, and causing plaintiff to suffer severe mental anguish and emotional distress (Complaint, Paragraphs 35 and 36).

### B.    Summary of The Undisputed Material Facts

The undisputed material facts establish that: 1) Plaintiff never filed an administrative claim of employment discrimination against defendant Hartford Public Schools with the Equal Employment Opportunity Commission or the Connecticut Commission on Human Rights and Opportunities; 2) Defendant Hartford Public Schools never employed plaintiff and has no responsibility as an employer for employment discrimination under Title VII; and 3) Plaintiff cannot establish a claim

against Defendant Hartford Public Schools for negligent or intentional infliction of emotional distress.

The undisputed material facts are as follows:

Plaintiff was employed by defendant Hartford Hospital as Coordinator of the 21st Century Program, which was housed in defendant Hartford Public Schools' Bulkeley High School (Complaint, Paragraphs 7, 8, 12 and 13).

Hartford Hospital's employee, defendant Susan Maxwell, terminated plaintiff's employment on or about June 21, 2001 (Complaint, Paragraph 11 and 17).

Plaintiff never applied for work with the Hartford Public Schools (Plaintiff's Deposition, page 283, attached to Defendant's Rule 9c Statement).

Plaintiff never received a paycheck from the Hartford Public Schools (Plaintiff's Deposition, page 283, attached to Defendant's Rule 9c Statement).

Plaintiff was never employed by the Hartford Public Schools (Johnson Affidavit, Paragraph 4, attached to Defendant's Rule 9c Statement).

Plaintiff never filed a complaint against the Hartford Public Schools with the Connecticut Commission on Human Rights and Opportunities or the United States

Equal Employment Commission (Johnson Affidavit, Paragraph 5 and 6, attached to Defendant's Rule 9c Statement).

### C.       Argument

#### I.    Summary Judgment Standard

"[S]ummary judgment allows the court to dispose of meritless claims before becoming entrenched in a frivolous and costly trial." Donahue v. Windsor Locks Board of Fire Commissioners, 834 F.2d 54, 58 (2d Cir. 1987). Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered when a review of the record demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

"In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim." Goenaga v. March of Dimes Birth Defects Foundation, 51 F.3d 14, 18 (2d Cir. 1995). Once that burden is met, the opposing party may not rely on mere allegations or denials in his pleading, but rather must set forth specific facts showing that there is a genuine issue remaining for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

(1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Id. 477 U.S. at 249. "If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted" for the moving party. Id. 477 U.S. at 249-50 (citations omitted).

## II.    Plaintiff's Title VII Claim Fails For Failure To File Charges With EEOC or CHRO

Plaintiff's First Count against defendant Hartford Public Schools fails under the undisputed evidence because plaintiff never filed a charge against defendant with the Equal Employment Opportunity Commission ("EEOC") or the Connecticut Commission on Human Rights and Opportunities ("CHRO"). Although filing a charge against the defendant with the EEOC or CHRO is not jurisdictional, the law is clear that aggrieved parties must file a timely administrative complaint with the EEOC or CHRO as its agent[2] before pursuing a civil action under Title VII in the district

---

[2] 42 U.S.C. Section 2000e-5(e) provides in part:
Time for filing charges; time for service of notice of charge on respondent; filing of charge by Commission with State or local agency. A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made . . .

7

court. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 – 98 (1982); Cornwell v. Robinson, 23 F.3d 694, 706 (2d Cir. 1994).

The undisputed material facts here are that plaintiff never filed a charge with the EEOC or CHRO against defendant Hartford Public Schools. Although Plaintiff did file an EEOC and CHRO charge against her employer, Hartford Hospital (Complaint, Paragraph 4), the Hartford Public Schools was not a party to that matter (Affidavit of Johnson, Paragraphs 5 and 6). Plaintiff's First Count against defendant Hartford Public Schools for employment discrimination under Title VII, therefore, must fail.

Nor has plaintiff pled that the requirement that she file a charge against defendant Hartford Public Schools with the EEOC or CHRO should be waived, or that defendant is somehow estopped from relying on this failure as a defense to her claim.[3] Nothing in the complaint suggests any such waiver or estoppel. There are no facts that could support waiver or estoppel as an excuse for failure to file a charge against the Hartford Public Schools.

---

[3] Admittedly, the requirement that an aggrieved party file an administrative claim before pursuing a Title VII action in the district court may be excused by waiver or estoppel under appropriate circumstances that are not present here. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 – 98 (1982)

It is also significant that the undisputed material facts are clear that defendant Hartford Public Schools was not plaintiff's employer during the relevant time. (Affidavit of Johnson, Paragraph 4; and Deposition of Plaintiff, p. 283). Indeed, the complaint nowhere alleges that plaintiff was ever employed by the Hartford Public Schools. Under the circumstances, the plaintiff cannot establish that the Hartford Public Schools committed a discriminatory employment practice prohibited by Title VII. 42 U.S.C. Section 2000e-2(a) declares it an unlawful employment practice for "an employer" to discriminate against an individual because of the individual's race, color, religion, sex or national origin. Title VII does not prohibit workplace discrimination by entities, like the Hartford Public Schools, that house programs operated by an employer.[4]

### III.   Plaintiff's Fourth and Fifth Counts For Negligent and Intentional Infliction of Emotional Distress Fail Under the Law and the Undisputed Facts

The Court should also enter judgment in Hartford Public Schools' favor on plaintiff's Fourth and Fifth Counts, for negligent and intentional infliction of emotional distress, respectively. First, the factual allegations of the complaint, even if

---

[4] Although Title VII also prohibits discrimination by other entities, such as labor organizations and employment agencies, plaintiff does not allege that the Hartford Public Schools is such an entity.

taken as true, are not sufficient as a matter of law to establish these claims against any of the defendants. Second, the premise of these Counts is that the defendants' conduct was an abuse of supervisory discretion and the employer/employee relationship. Since defendant Hartford Public Schools was not plaintiff's employer, these allegations, even if sufficient under the law, cannot be established under the undisputed material facts against this defendant.

In these counts, plaintiff incorporates the basic factual allegations of her complaint, that she was treated differently than similarly situated employees in that she was not given access to basic office resources such as phones, fax machine, copier, scissors, etc, (Paragraph 14), that her office space was dismantled without notice (Paragraph 15), that such treatment prevented plaintiff from being productive (Paragraph 16), that Hartford Hospital's Susan Maxwell terminated her for poor performance and insubordination (Paragraph 17) and that Hartford Hospital's Satherlie treated African Americans differently than Caucasians (Paragraph 18).

Plaintiff then alleges in Counts Four and Five that all defendants - without differentiation between them – thereby employed supervisory discretion in a discriminatory manner and abused the relationship of employer/employee, which gave

defendants the power to damage plaintiff's interests (Complaint, Paragraph 30). This allegedly extreme and outrageous use of supervisory discretion in a discriminatory manner, plaintiff claims, involved an unreasonable risk of causing emotional distress and did cause plaintiff to suffer mental anguish and severe emotional distress (Complaint, Paragraphs 31 and 32). Finally, plaintiff alleges that defendants employed supervisory discretion in a discriminatory manner to impose unwarranted disciplinary measures on plaintiff, abusing the relationship of employer/employee, causing plaintiff to suffer severe mental anguish and emotional distress (Complaint, Paragraphs 35 and 36).

As this Court has already determined in granting Defendant Hartford Hospital's Motion to Dismiss dated November 25, 2002, these allegations are insufficient as a matter of law to set forth a claim for negligent or intentional infliction of emotional distress (See Endorsement Order dated January 6, 2003). As the Court wrote:

> [L]iability for extreme and outrageous conduct is imposed only for conduct exceeding all bounds usually tolerated by a decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind, and the question of whether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is initially a question for the court to determine. Here, taking the plaintiff's allegations as true, she fails to

satisfy the requirement that the conduct at issue be extreme and outrageous. (Endorsement Order, pp. 1-2).

As the Court went on to note in dismissing both the Fourth and Fifth Counts as to the other defendants, the claim of negligent infliction of emotional distress also requires dismissal because none of the conduct upon which the claim is based took place during the termination process (Endorsement Order, p. 2).

Defendant Hartford Public Schools hereby adopts and incorporates by this reference, the points and authorities set forth in Defendant Hartford Hospital's Motion To Dismiss dated November 25, 2002, at pages 5 through 11. As these authorities establish, plaintiff's Fourth and Fifth Counts fail as a matter of law.

In as much as the allegations of Counts Four and Five do not distinguish between the alleged actions of the various defendants, the Court's reasoning that these claims are insufficient as a matter of law applies equally to defendant Hartford Public Schools as to defendant Hartford Hospital. The Court should, therefore, enter judgment in favor of Hartford Public Schools on the Fourth and Fifth Counts of the complaint.

Defendant Hartford Public Schools is also entitled to judgment on the Fourth and Fifth Counts of the complaint because these counts are based on alleged abuse of the employer/employee relationship, while the undisputed material facts establish that the Hartford Public Schools was not a party to an employment relationship with plaintiff. The Hartford Public Schools did not employ the plaintiff (Johnson Affidavit, Paragraph 4 and Deposition of plaintiff, p. 283). Plaintiff was instead employed by defendant Hartford Hospital as Coordinator of the 21st Century Program, which was housed in a school operated by the Hartford Public Schools (Complaint, Paragraphs 7 and 8).

As a stranger to the employment relationship between plaintiff and her employer, Hartford Hospital, defendant Hartford Public Schools could not have negligently or intentionally inflicted emotional distress on plaintiff by abusing the employer/employee relationship. As a non-employer, Hartford Public Schools could not have "employed supervisory discretion in a discriminatory manner" as the Fourth Count claims (Paragraphs 30 and 35). As a non-employer, Hartford Public Schools could not have abused the relationship of employer/employee as the complaint alleges (Complaint, Paragraph 30). As a non-employer, Hartford Public Schools could not

13

have employed supervisory discretion in a discriminatory manner to impose unwarranted disciplinary measures on plaintiff as the complaint alleges (Complaint, Paragraphs 35 and 36).

The undisputed material facts establish that Hartford Public Schools was not plaintiff's employer and could not have employed supervisory discretion, imposed disciplinary measures or abused the employment relationship, as plaintiff claims in support of her Fourth and Fifth Counts. Hartford Public Schools is, therefore, entitled to judgment as a matter of law on the Fourth and Fifth Counts.

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, this 19th day of November 2003 to:

Francis A. Miniter
Miniter & Associates
147 Charter Oak Avenue
Hartford, CT  06106

Brenda Eckert
Gregg P. Goumas
Shipman & Goodwin
One American Row
Hartford, CT  06103-2819

_____
Ann F. Bird

D. Conclusion

For the reasons discussed above, defendant Hartford Public Schools respectfully requests that the Court enter summary judgment in its favor on the First, Fourth and Fifth Counts of the complaint.

DEFENDANT HARTFORD
PUBLIC SCHOOLS

BY _____
Ann F. Bird
Assistant Corporation Counsel
Their Attorney
550 Main Street
Hartford, CT 06103
Federal Bar No. Ct 02028
Telephone (860) 543-8575