UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELAINE KNIGHT, | : | |
|     Plaintiff | : | CIVIL ACTION NO: 3:02CV1697 AWT |
| | : | |
| v. | : | |
| | : | |
| HARTFORD HOSPITAL, | : | |
| HARTFORD PUBLIC SCHOOLS | : | |
| LYNN SATHERLIE and | : | |
| SUSAN MAXWELL, | : | DECEMBER 9, 2002 |
|     Defendants | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER OBJECTION TO DEFENDANT HARTFORD PUBLIC SCHOOLS' MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION:**

The Plaintiff in the above entitled matter hereby objects to Defendant Hartford Public Schools' Motion for Summary Judgment for the reasons herein contained.

**FACTS**:

Plaintiff was employed as Program Coordinator of the 21st Century Community Learning Program. beginning January 8, 2001. Knight Depo. P16, l.7. The 21st Century Program is a federally funded program that awards grants to urban and inner city public schools to enable them to plan projects that benefit the needs of the community. The Program requires public schools to collaborate with other public non-profit organizations ("Lead Agencies") such as the Hospital in order to meet the needs of and expand the opportunities available to the residents of the community. As a Lead Agency, Hartford Hospital collaborates with the Hartford Public Schools to administer the 21st Century Program at Bulkeley High School. Affidavit of Lynn Satherlie Deasy ¶4 (filed with Hartford Hospital's Motion for Summary Judgment Dated November 26, 2003.) Although she was

1

employed by the Hospital, Knight performed her job duties as 21st Century Coordinator on-site at Bulkeley. Id. ¶6.

The Role Description of the Coordinator of the 21st Century Program is as follows:

> Develop policies and procedures for student/family referral, service delivery and follow-up; coordinates, provides direct services as required, works with Bulkeley High School administration and staff and other agencies to operationalize collaborative work; provide support to project advisory committee; prepares programmatic and statistical reports and evaluation-related activities as required; provides coverage in staff vacancies/emergencies.

Deposition of Knight, Exhibit 2.

The Hartford Public Schools controlled the Plaintiff's work environment, as evidenced when it ordered the dismantling of Plaintiff's office. Deposition of Knight P. 99. Plaintiff discovered that sensitive documents were missing as a result of this. Plaintiff complained to Defendant Satherlie, who assured her that the School Vice Principal Santiago would meet with her to discuss the situation. See Affidavit of Lynn Satherlie Deasy ¶21. Thereafter, the Vice Principal Santiago refused to meet with her. Deposition of Knight P. 109. The Plaintiff also believed that Principal Irizarry would be meeting with her to discuss why her office had been dismantled but she was not allowed to meet with Principal Irizarry. Deposition of Knight P.99-100. As a result of the Plaintiff's repeated requests to meet with the Principal and Vice Principal, several school officials wrote accounts of what had happened. Plaintiff denies these accounts are true. See Deposition of Knight at 111-17. Plaintiff was terminated following this incident.

**ARGUMENT**:

    **A.    HARTFORD PUBLIC SCHOOLS SHOULD BE RECOGNIZED AS PLAINTIFF'S EMPLOYER BECAUSE OF THE SIGNIFICANT CONTROL IT HAD OVER PLAINTIFF'S WORKSPACE.**

In <u>Spirt v. Teachers Annuity Ass'n</u>, 691 F.2d 1054 (2d Cir. 1982), vacated and remanded on other grounds, 463 U.S. 1223 (1983), the court held that with regard to Title VII, the term "employer" is sufficiently broad to encompass any party who significantly affects access of any individual to employment opportunities, regardless of whether the party may technically be described as an 'employer.'" <u>Id.</u> at 1063, citing <u>Vanguard Justice Society, Inc. v. Hughes</u>, 471 F.Supp. 670, 696 (D.Md. 1979). *See also* <u>Baker v. Stuart Broadcasting Co.</u>, 560 F.2d 389, 391 (8th Cir. 1977)<u>; Sibley Memorial Hospital v. Wilson</u>, 488 F.2d 1338 (D.C.Cir. 1973); <u>EEOC v. Wooster Brush Co.</u>, 523 F.Supp. 1256, 1261-62 (N.D.Ohio 1981); <u>Puntolillo v. New Hampshire Racing Commission</u>, 375 F.Supp. 1089 (D.N.H. 1974).

In the case at bar, the Plaintiff reported to work to the Hartford Public Schools every day. Hartford Public Schools controlled her work area, dismantling and removing her office. According to Defendant Satherlie, the Principal of Bulkeley High School was to be the individual to counsel Plaintiff on the reasons why her office was dismantled. In addition, Plaintiff's job description actually calls for her to "work[] with Bulkeley High School administration and staff" and to "provide[] coverage in staff vacancies/emergencies." These circumstances make the Hartford Public Schools one of the Plaintiff's "employer" in a Title VII claim.

    **B.**    **HARTFORD PUBLIC SCHOOLS SHOULD BE ACCOUNTABLE UNDER TITLE VII BECAUSE ITS DISCRIMINATORY ACTIONS CAUSED HARTFORD HOSPITAL TO TERMINATE THE PLAINTIFF.**

Where a third party takes discriminatory action that causes an employer to terminate an employee, that third party may be held liable under Title VII. *See* <u>Postema v. National League of Professional Baseball Clubs</u>, 799 F.Supp. 1475 (S.D.N.Y. 1992), reversed on other grounds 998 F.2d

3

60. In the case at bar, the Defendant Hartford Public Schools should be held liable under Title VII because it treated Plaintiff differently in a discriminatory manner in failing to meet with the Plaintiff to discuss the reasons why the Plaintiff's office was dismantled, despite the fact that she had been assured that the Vice Principal would meet with her.  Several School officials then filed allegedly false statements regarding the Plaintiff's behavior, which caused Defendant Hartford Hospital to terminate the Plaintiff.   Because of this, the Hartford Public Schools should be held accountable to Plaintiff under Title VII.

**CONCLUSION**:

The Plaintiff hereby respectfully requests the Court to Deny the Defendant Hartford Public Schools Motion for Summary Judgment.

                                                PLAINTIFF

By: _____
      Christine E. Corriveau
      Miniter & Associates
      100 Wells Street.
      Hartford, CT 06103
      (860) 560-2590
      Federal Bar # No.: ct21212

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed to the following counsel of record this ___ day of December, 2003:

Gregg P. Goumas  
Shipman & Goodwin, LLP  
One American Row  
Hartford, CT 06103  

Ann F. Bird, Esq.  
Assistant Corporation Counsel  
City of Hartford  
550 Main Street  
Hartford, CT 06103  

                                                                                          _____  
                                                                                          Christine E. Corriveau