UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELAINE KNIGHT,<br>Plaintiff | :<br>:<br>: | CIVIL ACTION NO:<br>3:02CV1697 (MRK) |
| v. | : | |
| HARTFORD HOSPITAL and<br>HARTFORD PUBLIC SCHOOLS | :<br>:<br>: | January 15, 2004 |
| Defendants | : | |

## AMENDED COMPLAINT

**I.  PRELIMINARY STATEMENT**

1. Plaintiff, Elaine Knight, an African-American female, is bringing this action because Defendants have discriminated against her on the basis of her race by subjecting her to terms and conditions of employment different from those applied to other employees, and have terminated her. Defendants have treated Ms. Knight differently from other employees by subjecting her to harassment, by subjecting her to unequal discipline, by employing supervisory discretion in a discriminatory manner to unfairly discipline her and by terminating her.

2. By engaging in acts of intentional race discrimination, retaliation and unlawful harassment in the workplace against Ms. Knight, the defendants have violated her rights under the Civil Rights Act of 1991, 42 U.S.C. §§ 1983, 2000e, *et seq*.

3. The plaintiff seeks declaratory and injunctive relief and damages for defendants' unlawful actions.

**II.  JURISDICTION**

4. Ms. Knight has fulfilled all conditions precedent to the institution of this action under 42 U.S.C. 2000(e):

(a) Ms. Knight filed timely charges with the State of Connecticut Commission on Human Rights and opportunities, (CCHRO) and the Equal Employment Opportunity Commission (EEOC) on October 2, 2001.

(B) Ms. Knight subsequently requested and received the Right to Sue Letter from the Equal Employment Opportunity Commission dated June 25, 2002, and a Release of Jurisdiction from the Commission on Human Rights and Opportunities, both of which are attached hereto.

5. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(a)(3) and (4), 42 U.S.C. §§1983, 1988, 2000e-2, and the doctrine of supplemental jurisdiction in accordance with 28 U.S.C. §1367.

6. Venue is proper pursuant to 28 U.S.C. §1391(b) since the unlawful acts alleged herein were committed within the State of Connecticut.

### III. PARTIES

7. The plaintiff, Elaine Knight, is an African-American female and was at all times relevant to this lawsuit residing in Bloomfield, Connecticut. She has been employed by Hartford Hospital as a full-time Coordinator of the Hospital's 21st Century Program from January 2, 2001 through June 21, 2001. The 21st Century Program awards grants to urban and inner city public schools to enable them to plan, implement and/or expand projects that benefit educational, social services, health, recreational and cultural needs of the community.

8. Defendant Hartford Public Schools housed the 21st Century Program in Bulkely High School and employed and supervised Plaintiff's co-workers.

9. Defendant Hartford Hospital, whose business address is 80 Seymour Street,

Hartford, Connecticut, is a non-profit, non-stock corporation existing under the laws of the State of Connecticut and employs more than 100 persons.

10. Lynn Satherlie, a Caucasian female, is the Director of the 21st Century Program and was Plaintiff's immediate supervisor, and has personally engaged in, approved, condoned and acquiesced in all retaliatory and discriminatory actions material hereto.

11. Susan Maxwell, a Caucasian female, is the Supervisor of Satherlie and has personally engaged in, approved, condoned and acquiesced in all retaliatory and discriminatory actions material hereto.

## IV. STATEMENT OF FACTS

12. Plaintiff is an African American female who was employed as a full-time Coordinator for the 21st Century Program by Defendant Hartford Hospital from January 2, 2001 to June 21, 2001.

13. Plaintiff's office was located at Bulkeley High School, which is located in Hartford, Connecticut.

14. Plaintiff was treated differently than similarly situated employees, in that she was not given access to basic office resources that the other employees were, such as phones, fax machine, copier, scissors, etc. despite numerous requests to her Supervisor, Satherlie.

15. On May 25, 2001, without notice to Plaintiff, Plaintiff's office space was dismantled and files were removed from her desk without her knowledge or consent. Satherlie informed the Plaintiff that she would be relocated to another office. Satherlie informed Plaintiff that Manuel Santiago, the Vice Principal, would be meeting with the Plaintiff to explain why her office had been removed. The meeting between Santiago and Plaintiff never took place.

16. Said disparate treatment prevented the Plaintiff from being a more productive worker. However, upon information and belief, Plaintiff's work performance with the Defendant was satisfactory or better.

17. One June 21, 2001, Susan Maxwell terminated the Plaintiff because of alleged "poor performance" and insubordination.

18. Upon information and belief, on numerous occasions, Satherlie treated African Americans differently than Caucasians. For example, Satherlie fired a black female teacher because she allegedly lied on her job application. Another teacher, a white male, falsified attendance and permission slips, and Defendant Satherlie told the Plaintiff "What difference does it make, pay him anyway." Another example is that the Plaintiff had two assistants, a white female and a black female. Satherlie only allowed the white female to work overtime, and did not allow the black female to work overtime.

## V. CLAIMS FOR RELIEF

**First Claim For Relief - 42 U.S.C. §2000e, et seq. (As to Defendant Hospital)**

19. Paragraph 1-18 are incorporated by reference.

20. The acts, practices, and treatment of the defendant intentionally subjected Ms. Knight to discrimination on the basis of her race in violation of the rights secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sect. 2000e *et seq.*

21. The plaintiff has suffered compensable loss as a result of the violation of the defendant, including loss of civil rights, economic losses in the form of lost wages, seniority, pension and benefits related to her employment.

**Second Claim for Relief- 42 U.S.C. §1983, Violation of Equal Protection under the 14th Amendment to the Constitution (As to the Defendant Hartford Public Schools)**

22. Paragraphs 1-21 are incorporated by reference.

23. Defendant acted under color of state law and intended to deprive Plaintiff of her rights, privileges and immunities under federal law on the basis of her race.

24. Defendant acted willfully, wantonly and maliciously.

25. Defendant acted in pursuance of a systematic custom or policy of discriminating against or harassing minority members of the Hartford Public School System.

26. Defendants' actions constitute a violation of 42 U.S.C.§1983.

27. As a result of Defendant's violation of 42 U.S.C. §1983, Plaintiff has incurred, and continue to incur, lost benefits, and costs and expenses, including legal fees and the cost of bringing this action.

28. As a further result of Defendant's conduct, Plaintiff has suffered, and continues to suffer, severe and extreme emotional distress, including loss of self-esteem, humiliation and embarrassment.

**Third Claim for Relief - Negligent infliction of emotional distress (As to Defendant Hartford Public Schools**

29. Paragraphs 1-28 are incorporated by reference.

30. Defendants' actions were extreme and outrageous in that they employed supervisory discretion in a discriminatory manner. Defendants abused the relationship of employer/employee. This relationship and position gave Defendants the power to damage the Plaintiff's interests.

Further, Defendants knew or should have known that Plaintiff was particularly susceptible to injury through emotional distress.

31. At all times relevant hereto, the Defendants knew or should have known, with the exercise of reasonable care and due diligence, that their conduct and discriminatory treatment of the Plaintiff involved an unreasonable risk of causing distress and from the facts known to them should have realized that the distress, if it were caused, might result in illness or bodily harm.

32. As a direct and proximate result of defendants' acts and omissions, Ms. Knight has suffered and continue to suffer compensable injury, including the loss of his civil rights, mental anguish and severe emotional distress.

**Fourth Claim For Relief - Intentional Infliction of Emotional Distress (As to Defendant Hartford Public Schools)**

33. Paragraphs 1-32 are incorporated by reference.

34. Defendants intentionally inflicted the aforesaid acts with malice, and without any legal, economic, business or social justification or excuse.

35. Defendants' actions were extreme and outrageous in that they employed supervisory discretion in a discriminatory manner to impose unwarranted disciplinary measures on Ms. Knight . Defendants abused the relationship of employer/employee. This relationship and position gave defendants the power to damage the plaintiffs interests. Further, defendants knew or should have known that plaintiff was particularly susceptible to injury through emotional distress.

36. The plaintiff has suffered compensable loss as a result of the violations of the defendants, including economic losses, severe mental anguish and emotional distress.

## VI.   REQUEST FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court:

1. Assume jurisdiction over this matter.

2. Issue a declaratory judgment that:

   a. The defendants have discriminated against Ms. Knight on the basis of her race by subjecting her to terms and conditions of employment different from those applied to other employees, by subjecting her to racially biased harassment, and by disciplining her without adequate grounds, and by denying her equal compensation, benefits and equal employment opportunities because of her race;

   b. Defendants' acts of intentional racial discrimination and unlawful harassment in the workplace against Ms. Knight violated her rights under the Civil Rights Act of 1991, 42 U.S.C. §§ 1981 and 2000e.

   c. Defendants expunge, erase and remove from Plaintiff's personnel files and employment records any negative performance evaluations, written warnings and reprimands.

3. Enter preliminary and permanent injunctions requiring that Defendants:

   (a) Pay to Plaintiff forthwith monetary damages to compensate her for the loss of wages, social security, and fringe benefits, with interest from the dates when said sums were due until the judgment is paid;

   (b) Defendants, their officers, agents, successors, employees, attorneys, and assigns and other representatives, and all those persons acting in concert with them and at their discretion, desist from engaging in any act of deprivation of civil rights or employment discrimination against Ms. Knight and other African American persons in a position similar to that of the Plaintiff.

(c) Defendants, their officers, agents, successors, employees, attorneys, and assigns and other representatives, and all those persons acting in concert with them and at their discretion, immediately reinstate Ms. Knight to her former position.

4. Award Ms. Knight actual and compensatory damages in the amount of $ 1,000,000 against each and every defendant, jointly and severally; and punitive damages in the amount of $1,000,000 against each and every defendant, jointly and severally.

5. Award Ms. Knight reasonable attorneys fees and costs pursuant to 42 U.S.C. § 1988.

6. Award Ms. Knight such other and further relief as justice may require.

## JURY DEMAND

Plaintiff, ELAINE KNIGHT, hereby demands a trial by jury as to all issues.

THE PLAINTIFF

By_____
Christine E. Corriveau, her attorney
Miniter & Associates
100 Wells Street Suite 1D
Hartford, CT 06106
860-560-2590 ct21212

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed to the following counsel of record this 15th day of January 2004:

Gregg P. Goumas
Shipman & Goodwin, LLP
One American Row
Hartford, CT 06103

Ann F. Bird, Esq.
Assistant Corporation Counsel
City of Hartford
550 Main Street
Hartford, CT 06103

_____
Christine E. Corriveau