**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| _____ | : | |
| ELAINE KNIGHT | : | CIVIL ACTION NO. |
| Plaintiff | : | 302 CV 1697 (MRK) |
| vs. | : | |
| | : | |
| HARTFORD PUBLIC SCHOOLS, | : | |
| HARTFORD HOSPITAL, ET AL | : | February 18, 2004 |
| Defendant | : | |
| _____ | : | |

**Defendant Hartford Public Schools'
Objection To Amended Request
To Amend The Complaint
And Memorandum In Support Thereof**

Defendant Hartford Public Schools hereby objects to plaintiff's Amended Request to Amend the Complaint. The bases for the objection, as set forth more fully below, are that: 1) the Amended Request is late and prejudicial to the defendant and the process, having been filed after the close of discovery and after defendant's Motion For Summary Judgment was filed; and 2) the Amended Request is futile because the proposed amended complaint is also without merit under the facts and the law.

In support of its Motion, defendant submits the Memorandum contained herein and the attached Affidavit of Judith Fagan ("Fagan Affidavit").

### A.     Summary of the Proceedings

The initial complaint in this case was filed on September 13, 2002, about 16 months before plaintiff's Amended Request to amend the complaint. The First Count of the initial complaint alleged that defendant Hartford Public Schools and codefendant Hartford Hospital intentionally discriminated against plaintiff in the workplace on the basis of plaintiff's race in violation of Title VII of the Civil Rights Act of 1964. The Fourth and Fifth Counts of the initial complaint alleged that defendant Hartford Public Schools negligently and intentionally inflicted emotional distress on the plaintiff. These are the only Counts of the complaint against defendant Hartford Public Schools.[1]

The deadline for completion of discovery in the case, as it was amended by agreement of the parties and the Court, expired on October 31, 2003.

On November 19, 2003, defendant Hartford Public Schools filed a Motion For Summary Judgment on all counts against it. The bases for the Motion for Summary

---

[1] Plaintiff's Motion To Withdraw the Second Count of the complaint, also initially pleaded against this defendant, was granted by the Court on November 22, 2002.

Judgment were that: 1) Plaintiff failed to exhaust her administrative remedies against defendant Hartford Public Schools pursuant to Title VII in that she never pursued any administrative complaint before filing this action; 2) Plaintiff cannot establish liability on Hartford Public Schools' part under Title VII in any event because she was never employed by this defendant; 3) the Fourth and Fifth Counts for intentional and negligent infliction of emotional distress failed to state a cause of action and were identical to claims against co-defendant Hartford Hospital that were dismissed earlier for this reason.

Plaintiff filed an opposition to defendant's Motion For Summary Judgment on December 9, 2003. In her opposition, plaintiff completely failed to address the Fourth and Fifth Counts, for intentional and negligent infliction of emotional distress, thereby effectively consenting to entry of judgment in defendant's favor on those Counts. Local Rules of Civil Procedure Rule 7(a)1[2].

In response to defendant's argument that it is entitled to judgment on the First Count, under Title VII, plaintiff failed completely to respond to the question of failure

---

[2] Local Rules of Civil Procedure Rule 7(a)1 provides, in pertinent part: "Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion. . . ."

to exhaust administrative remedies, again consenting to entry of judgment in defendant's favor on that Count.  Id.  In fact, plaintiff's only argument in opposition to the Motion for Summary Judgment was that perhaps defendant should be considered plaintiff's employer because a Hartford Hospital employee told plaintiff that a Hartford Public Schools' employee would explain why her office was dismantled (Plaintiff's Objection, dated December 9, 2003, p. 3).  Even if true, this hardly establishes Hartford Public Schools as an employer.

Having failed to respond substantively to defendant Hartford Public Schools' Motion for Summary Judgment and having waited until after the discovery cut off had expired and undoubtedly recognizing that judgment was about to be entered against her, plaintiff filed an Amended Request to Amend the Complaint on January 15, 2004.

B.   The Proposed Amended Complaint

In her proposed amended complaint, plaintiff eliminates the Title VII Count against Hartford Public schools and substitutes a claim under 42 U.S.C. Section 1983 for violation of alleged Equal Protection rights under the 14th Amendment of the United States Constitution.  The proposed amended complaint continues to include the same Fourth and Fifth Counts, for intentional and negligent infliction of emotional

distress, that plaintiff failed to pursue in response to defendant's Motion for Summary Judgment.

The proposed new Section 1983 Count contains no new factual claims – its conclusory allegations shed no light on the nature of the complaint at all. The new Count simply alleges that "Defendant acted under color of state law and intended to deprive" plaintiff of her rights, that it "acted willfully, wantonly and maliciously" and that it "acted in pursuance of a systemic custom or policy of discriminating against or harassing minority members of the Hartford Public School System." (Proposed Complaint, Paragraphs 23, 24 and 25).

Presumably, the factual basis for this claim is to be found in Paragraphs 12 through 18, which is entitled Statement of Facts. Here, the complaint alleges that the plaintiff is an African American female who was employed by defendant Hartford Hospital as Coordinator for the 21st Century Program operated by defendant Hartford Hospital, and housed in defendant Hartford Public Schools' Bulkeley High School. (Proposed Complaint, Paragraphs 12 and 13).

Plaintiff alleges that she was treated differently than similarly situated employees in that she was not given access to basic office resources such as phones,

fax machine, copier, scissors, etc, (Proposed Complaint, Paragraph 14), that her office space was dismantled without notice (Proposed Complaint, Paragraph 15), and that such treatment prevented plaintiff from being productive (Proposed Complaint, Paragraph 16). She alleges that Hartford Hospital's Susan Maxwell terminated her for poor performance and insubordination (Proposed Complaint, Paragraphs 11 and 17) and that Hartford Hospital's Satherlie treated African Americans differently than Caucasians (Proposed Complaint, Paragraphs 10 and 18).

     Notably, none of these alleged "facts" implicates the Hartford Public Schools in any wrongful actions or inactions at all. There are no factual allegations that suggest what actions of Hartford Public Schools were "under color of state law" or "intended to deprive" plaintiff of her rights. There are no alleged acts of defendant that could have been willful, wanton or malicious. Finally, there are no alleged acts of defendant that were perpetrated in "pursuance of a systemic custom or policy of discriminating against or harassing minority members of the Hartford Public School System." Indeed, there are no allegations to suggest that plaintiff ever was a "minority member[] of the Hartford Public School System." Notably, and as plaintiff's own complaint makes clear, plaintiff was employed by codefendant Hartford Hospital, and not the

Hartford Public Schools during the relevant time. She could not, therefore, have been a "member" of the Hartford Public Schools.

### C. Argument

#### I. Standard For Motion To Amend

After the initial responsive pleading has been filed, plaintiff may amend her complaint only with leave of court or the consent of the parties. Federal Rule of Civil Procedure Rule 15(a). Where leave of court is sought, it generally should be granted when "justice so requires." Id. The question whether "justice so requires" is to be determined according to the following standard:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rule requires, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962).

Where, as in this case, a long time has elapsed between the filing of the complaint and the motion to amend, the moving party has the burden to provide a satisfactory explanation for the delay. Grant v. News Group Boston, Inc. 55 F3d 1, 5-

6 (1st Cir. 1995); <u>Evans v. Syracuse City Sch. Dist</u>., 704 F.2d 44, 46-48 (2d Cir. 1983); <u>Goss v. Revlon, Inc</u>., 548 F.2d 405, 407 (2d Cir. 1976).

Proposed amendments, like this one, that advance new theories of recovery should be considered with particular skepticism when the facts upon which the new theory is based are not new. <u>Acri v. International Ass'n of Machinists & Aerospace Workers</u>, 781 F.2d 1393, 1398 (9th Cir. 1986); <u>Evans v. Syracuse City Sch. Dist</u>., 704 F.2d 44, 46-48 (2d Cir. 1983).

Courts often deny leave to amend a complaint on the grounds of undue prejudice where, as here, discovery has been completed and the nonmoving party has already prepared a defense and filed a motion for summary judgment. <u>Cresswell v. Sullivan & Cromwell,</u> 922 F.2d 60, 72 (2d Cir. 1990) (affirming denial of leave to file amended complaint after summary judgment filed and discovery completed); <u>Ansam Assoc. Inc. v. Cola Petroleum, Ltd</u>, (760 F.2d 442, 446 (2d Cir. 1985)(affirming denial of amendment proposing new claim where discovery completed and summary judgment filed; <u>Overseas Inns S.A.P.A. v. United States</u>, 911 F.2d 1146, 1151 (5th Cir. 1990)(affirming denial of amendment where motion for summary judgment filed).

Finally, a motion to amend should be denied where the amendment would be futile because it is susceptible to dismissal or motion for summary judgment. Foman v. Davis, 371 U.S. 178, 182 (1962); Dougherty v. Town of N. Hempstead Bd. Of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002); Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001); Grace v. Rosenstock, 228 F.3d 40, 53 (2d Cir. 2000); Health-Chem Corp. v. Baker, 915 F.2d 805, 810 (2d Cir. 1990);Main St. Assocs. v. Manko, 179 F.Supp.2d 339, 345 n.5 (S.D.N.Y. 2002).

II.     The Request To Amend Should Be Denied As Late And Prejudicial

Plaintiff's request to amend her complaint should be denied in this case because it is late, because plaintiff has provided no satisfactory explanation for such a late filing, and because the amendment would be prejudicial to the defendant in light of the time that has passed with defendant preparing to defend a particular theory of recovery, the expiration of the discovery period, defendant's pending Motion for Summary Judgment and the complete absence of any good faith explanation for the delay.

The initial complaint in this case was filed in September, 2002, 16 months before the amendment was sought. The initial complaint included only a claim under

Title VII and state law claims for infliction of emotional distress. Both plaintiff and defendant were well aware from the outset that plaintiff had not met the administrative prerequisite for pursuit of her Title VII claim against Hartford Public Schools[3]. Both were well aware that the claims for emotional distress were insufficient as a matter of law.[4]

The discovery phase of the case, as extended, expired on October 31, 2003. On November 19, 2003, after the facts of plaintiff's complaint were developed in discovery, defendant Hartford Public Schools filed its Motion for Summary Judgment. In its Motion, defendant established conclusively that it is entitled to judgment on all counts of the complaint because plaintiff failed to pursue administrative remedies for her Title VII claim, and because her state law claims are insufficient as a matter of law.

It was only after defendant filed its Summary Judgment Motion and it became clear that judgment in favor of defendant on all counts of the complaint would soon be entered, that plaintiff decided to seek to amend her complaint to add a completely new

---

[3] This defense was included in defendant's answer, dated October 22, 2002 and referenced in the Report of the Parties' Planning Meeting dated November 15, 2002.
[4] These same claims were dismissed by the Court on January 6, 2003 as to defendant Hartford Hospital.

theory of recovery under Section 1983.  The proposed amendment would be unduly prejudicial to defendant at least because:

- It would delay at least temporarily entry of judgment in favor of this defendant
- It would require defendant to investigate and defend an entirely new theory of recovery years after the events at issue, when memories have faded
- It would require defendant to conduct additional discovery concerning the new theory of recovery
- It would require defendant to research, prepare and file a new summary judgment motion and/or motion to dismiss
- It would delay disposition of the case for all parties

These concerns alone justify denial of the request to amend.  Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990); Ansam Assoc. Inc. v. Cola Petroleum, Ltd, (760 F.2d 442, 446 (2d Cir. 1985); Overseas Inns S.A.P.A. v. United States, 911 F.2d 1146, 1151 (5th Cir. 1990).

In support of her Request, plaintiff has also failed to meet her burden to provide a satisfactory explanation for the long delay in seeking to add a wholly new theory of recovery. In fact, plaintiff has provided no explanation whatever for the delay. This failure alone warrants denial of her Request. Grant v. News Group Boston, Inc. 55 F3d 1, 5-6 (1st Cir. 1995); Evans v. Syracuse City Sch. Dist., 704 F.2d 44, 46-48 (2d Cir. 1983); Goss v. Revlon, Inc., 548 F.2d 405, 407 (2d Cir. 1976).

It is also worth noting that it does not appear that plaintiff could provide a satisfactory explanation for the delay, in as much as the new theory of recovery is not based on any newly discovered or newly arising facts. It would seem, therefore, that no satisfactory explanation for the delay would be possible. Acri v. International Ass'n of Machinists & Aerospace Workers, 781 F.2d 1393, 1398 (9th Cir. 1986); Evans v. Syracuse City Sch. Dist., 704 F.2d 44, 46-48 (2d Cir. 1983).

   III.   The Proposed Amendment Should Be Denied As Futile

      A.   The Section 1983 Claim is Futile

The proposed amendment should also be denied because it is futile. Even if the Court considers the bare-bone conclusory allegations of the complaint as sufficient to state a claim under Section 1983, the claim is clearly without merit under the law and

the facts.  The district court may and should deny leave to amend a complaint where the amendment would be futile because it without merit under the facts or the law. Foman v. Davis, 371 U.S. 178, 182 (1962); Dougherty v. Town of N. Hempstead Bd. Of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002); Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001); Grace v. Rosenstock, 228 F.3d 40, 53 (2d Cir. 2000); Health-Chem Corp. v. Baker, 915 F.2d 805, 810 (2d Cir. 1990);Main St. Assocs. v. Manko, 179 F.Supp.2d 339, 345 n.5 (S.D.N.Y. 2002).

It is well settled that a municipal entity like defendant Hartford Public Schools may be held liable under Section 1983 only if the alleged deprivation of rights is implemented pursuant to "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."  Monell v. Department of Social Servs., 436 U.S. 658, 690 (1978).  As the United States Supreme Court made clear in Monell, municipal agencies are liable only for the policies or customs created by "those whose edicts or acts may fairly be said to represent official policy. . . "  Id. at 694.  At the same time, the Court held that "a local government may not be sued under Section 1983 for an injury inflicted solely by its employees or agents."  Id.  See also Carrero v. New York City Housing Authority, 890 F.2d 569, 567 (2d Cir. 1989).

Thus, a local government agency's liability under Section 1983 attaches only "where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered." Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986). See also Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995); Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983).

As a result, where plaintiff fails to present evidence that the alleged injury resulted from an official policy promulgated by the defendant, summary judgment must enter for the defendant. Sagendorf-Teal. v. County of Rensselaer, 100 F.3d 270, 277 (2d Cir. 1996).

In this case, the defendant Hartford Public Schools cannot be liable under Section 1983 because it had no authority to promulgate any official policy during the relevant time. Instead, the only authority for policy statements, ordinances, regulations, and officially adopted and promulgated decisions for the Hartford Public Schools during the relevant time was a state agency known as the State Board of Trustees for the Hartford Public Schools. On April 18, 1997, the Connecticut General Assembly dissolved the Hartford Board of Education and transferred *all* authority over the public schools in Hartford to the newly created State Board of Trustees. 1997

Conn. Special Act 4, Sections 1 and 2 (courtesy copy enclosed). As a result of the Special Act, "The State Board of Trustees . . . [became] solely responsible for the management of the Hartford school district." Id. at Section 2.

The State Board of Trustees was created by the General Assembly, and its members were selected by the Governor and legislative leaders within the General Assembly. (Id. at Section 3). The State Board of Trustees remained exclusively responsible for the entire management of the Hartford schools throughout the events alleged in this complaint, until December 2002. 2001 Conn. Special Act 7, Section 2 (courtesy copy enclosed).

Moreover, as a state agency, the State Board of Trustees is not a "person" subject to suit under Section 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989).

Accordingly, the plaintiff's proposed new count under Section 1983 claiming that an injury was inflicted pursuant to an official policy of the defendant is legally insufficient: the defendant Hartford Public Schools had no legal authority to issue any official policy during the relevant time and therefore could not be legally responsible for plaintiff's alleged injury under Section 1983. That legal authority was placed

exclusively in the State Board during the relevant time[5]. 1997 Conn. Special Act 4, Sections 1 and 2 and 2001 Conn. Special Act 7, Section 2.

Alternately, if plaintiff should claim an identity between the State Board of Trustees and the "Hartford Public Schools" her suit must also fail because the State Board of Trustees is not a "person" that can be sued under Section 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989). For these reasons alone, the proposed Section 1983 count is conclusively without merit under the law, and its assertion now would be futile.

The proposed claim is also futile because the State Board's official policy was (and the successor Hartford Board of Education's policy continues to be) directly opposed to race discrimination and race harassment in the Hartford Public Schools. On July 6, 1999, the State Board of Trustees adopted the following policy against discrimination (No. 4118.1), which remains in place today as the policy of the Hartford Board of Education:

> Nondiscrimination. The conditions or privileges of employment in the school district, including the wages, hours, terms and benefits, shall be applied without regard to race, gender, color, religious

---

[5] As the attached Affidavit of Judith Fagan demonstrates, the State Board did promulgate policies during its tenure, including policies against discrimination and racial harassment, and those policies remain in place today.

> creed, national origin, age, sex, sexual orientation, disability, marital status, present or past history of mental disorder, mental retardation, learning disability or physical disability, or abilities unrelated to the performance of the duties of the position. The board of education seeks to extend the advantages of public education with full equality of educational opportunity to all students and personnel. The board, any employee or any other person may not aid or compel the performance of an unfair labor practice as defined by law.

On the same day, the State Board of Trustees also adopted a policy (No. 4118.3) against racial and other forms of harassment, which remains in place today as the policy of the Hartford Board of Education:

> Harassment. It is the policy of the Hartford Board of Education that all faculty, staff and students, parents and all other members of the school community treat each other with dignity and respect. All are entitled to freedoms from any kind of personal harassment. No form of harassment will be tolerated whether related to race, gender, color, religious creed, national origin, age, sex, sexual orientation, disability, marital status, present or past history of mental disorder, mental retardation, earning disability or physical disability, or abilities unrelated to performance.

<u>See</u> attached Affidavit of Judith Fagan, Paragraphs 4 and 5.

Plaintiff's conclusory allegation that an official policy of racial discrimination prevailed at any relevant time is, in short, belied by the clear and convincing evidence.

Because plaintiff cannot demonstrate an essential element of her Section 1983 claim – an official policy of discrimination -- it would be futile to allow plaintiff to amend her complaint now, only to subject it to another motion for summary judgment.

### B.     The Infliction of Emotional Distress Claims Are Futile

Finally, the proposed amended complaint includes two counts, for intentional and negligent infliction of emotional distress, which are now the subject of defendant's uncontested Motion for Summary Judgment dated November 19, 2003. The Court dismissed these very same claims against Hartford Hospital because they were insufficient to state a claim for relief on January 6, 2003. Moreover, plaintiff effectively consented to entry of summary judgment on these claims when she failed to respond to defendant's Motion for Summary Judgment on those counts.

It would be futile to allow plaintiff to amend her complaint again to reassert these same counts, only to be dismissed on defendant's subsequent motion to dismiss or for summary judgment.

### D. Conclusion

For the reasons discussed above, defendant Hartford Public Schools respectfully requests that the Court deny plaintiff's Amended Request to Amend the Complaint.

>
> DEFENDANT HARTFORD
> PUBLIC SCHOOLS
>
>
> BY_____
>       Ann F. Bird
>       Assistant Corporation Counsel
>       Their Attorney
>       550 Main Street
>       Hartford, CT 06103
>       Federal Bar No. Ct 02028
>       Telephone (860) 543-8575

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, this day of February 19, 2004 to:

Christine Corriveau
Miniter & Associates
100 Wells Street, Suite 1D
Hartford, CT  06106

Brenda Eckert
Gregg P. Goumas
Shipman & Goodwin
One American Row
Hartford, CT  06103-2819

_____
Ann F. Bird