UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELAINE KNIGHT, | : | |
| Plaintiff | : | CIVIL ACTION NO: |
| | : | 3:02CV1697 (MRK) |
| v. | : | |
| | : | |
| HARTFORD HOSPITAL and | : | |
| HARTFORD PUBLIC SCHOOLS | : | |
| | : | March 9, 2004 |
| Defendants | : | |

FILED
Mar 22  2 42 PM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN.

**PLAINTIFF'S REPLY TO DEFENDANT HARTFORD PUBLIC SCHOOL'S OBJECTION TO AMENDED REQUEST FOR LEAVE TO AMEND**

The Plaintiff responds to the Defendant's Objection as follows: 1) The amendment is timely in that the Plaintiff is within the 3-year statute of limitations to file a 42 U.S.C. §1983 claim against the Hartford Public Schools; 2) Denying the Plaintiff's Request to Amend would go against the concept of Judicial economy; and 3) the Amended Complaint makes out a prima facie case against the Defendant Hartford Public Schools and is not futile.

**ARGUMENT:**

**1. Standard for Motion to Amend:**

"[L]eave to amend should be freely granted when justice so requires." Pangburn v. Culbertson, 200 F.3d 65, 70 (2d Cir. 1999) (quoting Fed.R.Civ.P. 15(a)). Rule 15(a)

> reflects two of the most important principles behind the Federal Rules: pleadings are to serve the limited role of providing the opposing party with notice of the claim or defense to be litigated, see Conley v. Gibson, 355 U.S. 41, 47-48 (1957), and 'mere technicalities' should not prevent cases from being decided on the merits, see Foman v. Davis, 371 U.S. 178 (1962). See also 6 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d §§ 1472 (2d ed. 1990). Thus, absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility, Rule 15's mandate must be obeyed. Foman, 371 U.S. at 182.

Monahan V. New York City Dept. Of Cor., 214 F.3d 275 (2nd Cir. 2000).

In determining whether leave to amend should be granted, the district court has discretion to

consider, inter alia, the apparent "futility of amendment," Foman v. Davis, 371 U.S. 178, 182 (1962); *see also* Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993). Amendment would likely be futile if, for example, the claims the plaintiff sought to add would be barred by the applicable statute of limitations. *See, e.g.*, McGill v. Goff, 17 F.3d 729, 734 (5th Cir. 1994). The court also has discretion to deny leave to amend "where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice" other parties. Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990);

## 2. Plaintiff's Amended Complaint was timely.

The Plaintiff is attempting to add a 42 U.S.C. §1983 claim against the Harford Public Schools. The statute of limitations has not run against said claim. Since Congress did not enact a statute of limitations governing actions brought under §§ 1983, courts must borrow a state statute of limitations. *See, e.g.*, Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 462, 95 (1975). The statute to be borrowed is the one that is "most appropriate," *id.*, or "most analogous," Board of Regents v. Tomanio, 446 U.S. 478, 488 (1980), so long as it is not inconsistent with federal law or policy. Courts have held that Connecticut's three-year statute of limitations applies to §1983 claims. *See* Lounsbury V. Jeffries, 25 F.3d 131 (2nd Cir. 1994). Since the Plaintiff was terminated on June 21, 2001, the Plaintiff should be allowed to amend her complaint to add this count, since the statute has not yet run.

## 3. Denying the Plaintiff's Request to Amend would be against the concept of Judicial economy.

The Plaintiff should be allowed to amend her Complaint to add the §1983 claim for violation of her 14th Amendment rights, because the facts and circumstances surround the original Title VII claim and the §1983 claim are identical. If the Plaintiff is forced to initiate a new suit to bring this cause of action, it would be against judicial economy.

## 4. Plaintiff's Amended Complaint is not futile.

In order to establish a 42 U.S.C. §1983 claim, a plaintiff must show that (1) the conduct

complained of was committed by a person acting under color of state law, and (2) this conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States. *See* Parratt v. Taylor, 451 U.S. 527, 535 (1981).

Plaintiff makes her case against the Hartford Public Schools as follows: Plaintiff's office was located at Bulkeley High School, which is located in Hartford, Connecticut. On May 25, 2001, without notice to Plaintiff, Plaintiff's office space was dismantled and files were removed from her desk without her knowledge or consent by Hartford Public School authorities. The white employees of Hartford Public Schools, such as Carmel Sinapoli, were given notice by the Hartford Public Schools that their offices were to be dismantled. School officials, such as Manuel Santiago, the Vice Principal, were supposed to meet with the Plaintiff to explain why her office had been removed. The meeting between Santiago and Plaintiff never took place.

As the Defendant notes, a local government agency's liability under §1983 attaches only "where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered." Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986). However, municipalities can't be liable for the actions of their employees under §1983 under a respondeat superior theory. *See* Monell v. New York City Dept. of Social Services of, 436 U.S. 658, 691-95 (1978). In the present case, the Hartford Public Schools, (or the State Board of Trustees, as Defendant argues) had exclusive control over the Plaintiff's workplace, and they exercised that control in a discriminatory manner. The control over the workplace constitutes a policy or custom of the Hartford Public Schools rather than a respondeat superior theory.

The Hartford Public School system is the successor in interest to the State Board of Trustees and should be the proper Defendant in this matter.

**CONCLUSION:**

The Plaintiff requests that the Court allow her to amend her Complaint, as per the proposed amended complaint


THE PLAINTIFF

By _____
Francis A. Miniter, her attorney
Miniter & Associates
100 Wells Street Suite 1D
Hartford, CT 06106
860-560-2590 ct09566

CERTIFICATION

This is to certify that a copy of the foregoing has been mailed to the following counsel of record this _19th_ day of March 2004:

Gregg P. Goumas
Shipman & Goodwin, LLP
One American Row
Hartford, CT 06103

Ann F. Bird, Esq.
Assistant Corporation Counsel
City of Hartford
550 Main Street
Hartford, CT 06103

_____
Francis A. Miniter