UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELAINE KNIGHT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | Civil No. 3:02cv1697 (MRK) |
| | : | |
| HARTFORD PUBLIC SCHOOLS, | : | |
| HARTFORD HOSPITAL, | : | |
| | : | |
| Defendants. | : | |

**RULING AND ORDER**

On February 12, 2004, Defendant Hartford Public Schools ("HPS") filed a Motion for Reconsideration [doc. #63] ("Mot. for Reconsideration") seeking reconsideration and vacation of the Court's Endorsement Order [doc. #56] granting Plaintiff Elaine Knight's Amended Request for Leave to Amend the Complaint [doc. #49]. Having reviewed HPS' motion and Ms. Knight's Reply [doc. #66], the Court GRANTS the Motion for Reconsideration [doc. #63] and, upon reconsideration of its Endorsement Order, hereby VACATES the Order [doc. #56], and DENIES Ms. Knight's Amended Request for Leave to Amend [doc. #49] for the reasons set forth below.

"The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992), *cert. denied*, 502 U.S. 820 (1992) (citing 18 C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE & PROCEDURE § 4478, at 790 (1981)). HPS contends that the Court erred by prematurely granting Ms. Knight's motion to amend under the erroneous assumption that HPS

1

did not object to the motion. Mot. for Reconsideration at 1. The Court agrees. On February 9, 2004, the last day on which HPS could timely respond to Ms. Knight's motion to amend, HPS filed a Request for Extension of Time to object to Ms. Knight's motion. In addition, on February 10, 2004, HPS' request for an extension was granted [doc. #59] and HPS thereby had until February 19, 2004 to file its objection to Mr. Knight's motion. HPS timely filed its Objection to Amended Request to Amend the Complaint [doc. #64] on February 19, 2004. At the time the Court granted Ms. Knight's motion to amend, the Court was not aware of HPS's timely Request for Extension of Time, and therefore the Court believed (wrongly it now appears) that HPS did not oppose the motion to amend. Since it is now clear that HPS did oppose the motion to amend and since HPS did timely obtain an extension to file its opposition, the Court GRANTS HPS' Motion for Reconsideration and considers Ms. Knight's motion to amend on its merits.

"Generally, permission to amend should be freely granted. The court plainly has discretion, however, to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant." *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see Wrighten v. Glowski*, 232 F.3d 119 (2d Cir. 2000); *see also Yerndon v. Henry*, 91 F.3d 370, 378 (2d Cir. 1996). Upon reconsideration, the Court concludes that Ms. Knight's motion to amend should be denied for substantially the reasons discussed by the Second Circuit in *Cresswell*, *supra*.

Ms. Knight filed her motion to amend on January 15, 2004, nearly 16 months after the complaint in this case was filed and a year after dismissal of counts four and five of Ms. Knight's Complaint [doc. #20]. In addition, Ms. Knight filed her motion to amend more than two months

after the close of discovery on October 31, 2003 [doc. #33] and about two months after HPS filed a Motion for Summary Judgment [doc. #35] on November 19, 2003. Having considered the new claim that Ms. Knight seeks to assert (and her Reply to Defendant Hartford Public School's Objection to Amended Request for Leave to Amend [doc. # 66]) it is apparent that Ms. Knight could have asserted her newly found claim much sooner than she did. Moreover, the Court believes it is unfairly prejudicial to HPS – which expended considerable resources to take discovery about Ms. Knight's claims and to prepare a detailed summary judgment motion – to now require HPS to consider a new claim, to perhaps take additional discovery and to prepare a new summary judgment motion addressing a claim that Ms. Knight could have, and should have, asserted sooner in a case that already is long of tooth. In these circumstances, the Court concludes that justice and fairness requires the Court to deny Ms. Knight's request to amend. *See Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) (finding that the district court did not abuse its discretion where plaintiffs delayed more than one year before seeking to amend their complaint and, when the motion to amend was filed, discovery had been completed and a summary judgment motion was pending).

     For the foregoing reasons, the Court hereby GRANTS Defendant Hartford Public Schools' Motion for Reconsideration [doc. #63], VACATES the Court's Endorsement Order [doc. #56], and DENIES Ms. Knight's Amended Request for Leave to Amend [doc. #49]. The Clerk is directed to strike the Amended Complaint [doc. #57] from the docket in the above-captioned case.

IT IS SO ORDERED.


/s/       Mark R. Kravitz
United States District Judge

Dated at New Haven, Connecticut: April 2, 2004.