UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ELAINE KNIGHT, | : CIVIL ACTION NO.
: 3:02-cv-1697 (MRK) |
| Plaintiff, | : |
| v. | : |
| HARTFORD HOSPITAL, | : |
| Defendant. | : August 9, 2004 |

**DEFENDANT HARTFORD HOSPITAL'S MEMORANDUM
IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND
ITS ANSWER TO ASSERT AN AFFIRMATIVE DEFENSE**

The defendant Hartford Hospital (the "Hospital") respectfully submits this Memorandum in support of its Motion for Leave to Amend its Answer to assert an Affirmative Defense.[1]

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed this action on September 23, 2002 against Hartford Hospital, Lynn Satherlie, Susan Maxwell and the Hartford Public Schools, alleging violations of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. §1981, intentional and negligent infliction of emotional distress, as a result of the Hospital's termination of her employment as Coordinator of the 21st Century Program at Bulkeley High School.  Earlier in the litigation, the Court dismissed the Complaint as to defendants Satherlie and Maxwell due to plaintiff's failure to make proper service of process, and dismissed plaintiff's claims for emotional distress as to the Hospital.

On January 7, 2003, the Hospital served on the plaintiff its First Set of Interrogatories and Request for Production. However, because plaintiff failed to respond to the Hospital's discovery requests despite numerous reminders or to provide Initial Disclosures in accordance with Federal Rule 26(a), on March 21, 2003, the Hospital filed a Motion to Compel and for Sanctions. Even though it had neither taken plaintiff's deposition nor received her discovery responses, the Hospital filed a timely Answer to plaintiff's Complaint on February 21, 2003. Plaintiff ultimately provided her Initial Disclosures on April 7, 2003, and responded to the Hospital's discovery requests on April 22, 2003, more than two and one-half months after they were due.[2] The Hospital began plaintiff's deposition on July 2, 2003, but the deposition ended early when plaintiff became medically unable to continue.

Plaintiff testified at her deposition that she has not worked nor sought alternative employment since her Hospital employment ended on June 21, 2001. Plaintiff's Deposition Transcript ("Pl. Tr.") at 15-18, 272-73.[3] Plaintiff claims to suffer from a seizure condition, which, according to her deposition testimony and Social Security disability-related records, dates back to 1998, almost three years prior to her Hospital employment. See Id. and SSA Disability Report at 2.[4] She testified that her seizure condition has completely disabled her from working and that she is collecting Social Security disability benefits. Pl. Tr. at 15-18, 272-73.

---

[1] The Hospital's proposed Amended Answer is Attached hereto at Exhibit A.
[2] On May 8, 2003, the Honorable Thomas P. Smith awarded the Hospital sanctions due to plaintiff's failure to respond to discovery in a timely manner.
[3] Portions of Plaintiff's deposition transcript are attached hereto as Exhibit B.
[4] Portions of the documents received from the SSA are attached hereto as Exhibit C.

On July 18, 2003, the Hospital served a second set of discovery requests seeking, among other things, information and documents relating to plaintiff's application for Social Security disability benefits. Plaintiff responded to these discovery requests on August 25, 2003, and provided the Hospital with an authorization enabling it to obtain from the Social Security Administration ("SSA") all documents relating to her application for disability benefits, which the Hospital immediately submitted to the SSA. See August 28, 2003 letter from M. Smith to SSA with authorization attached, at Exhibit C.

Because it was experiencing a delay in obtaining the requested documents from the SSA, during the continuation of plaintiff's deposition on October 14, the Hospital's counsel asked plaintiff if she would be willing to provide copies of her Social Security disability application from her own files. Pl. Tr. at 271-72. Plaintiff, however, declined to do so. Id. The Hospital then filed a timely Motion for Summary Judgment on November 26, 2003.

Shortly after December 11, 2003, while its Motion for Summary Judgment was pending, the Hospital received the requested documents from the SSA. See Letter from SSA, at Exhibit C. Oral argument on the Hospital's Motion for Summary Judgment was originally scheduled for February 13, 2004, but was postponed by the Court *sua sponte*. After oral argument on July 22, 2004, the Court granted the Hospital summary judgment as to the plaintiff's hostile work environment claim but denied it as to her claim for disparate treatment. Based on information acquired through discovery, the Hospital now seeks to amend its Answer and assert an Affirmative Defense that plaintiff has failed to mitigate her damages. No Trial Management Order has been issued and the case has not been scheduled for trial.

## II. LAW AND ARGUMENT

Based on the evidence gathered through discovery, the Hospital now seeks to amend its Answer to assert an Affirmative Defense that plaintiff has failed to mitigate her damages. As a result, should plaintiff prevail in this action, she is not entitled to any back-pay award.

The Second Circuit has held that a party should be allowed amend its pleadings in the absence of a showing by the non-movant of prejudice or bad-faith. See State Teachers Retirement Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981). However, "the longer the period of an explained delay, the less will be required of the non-moving party in terms of showing prejudice." Evans v. Syracuse City Sch. Dist. 704 F.2d 44, 47 (2d Cir. 1983)(quoting Advocat v. Nexus Indus., Inc. 497 F. Supp. 328, 331 (D. Del. 1980). In determining what constitutes "prejudice," the Court must consider whether the assertion of the new claim would (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction. See e.g., Tokio Marine & Fire Ins. Co., 786 F.2d 101, 103 (2d Cir. 1986). Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." Fluor, 654 F.2d at 856. The liberal standard under Fed. R. Civ. P. 15(a) also applies when the movant is a defendant seeking leave to amend to assert an affirmative defense. See Block v. First Blood Associates, 988 F.2d 344, 350-351 (2d Cir. 1993); White-Ruiz v. City of New York, 1996 U.S. Dist. LEXIS 19346 (S.D.N.Y

1996)(holding that "the standard Rule 15 analysis [applies] when the defendants seek belatedly to assert a waivable affirmative defense, such as a time bar")[5].

At all times the Hospital has acted in good-faith and sought to advance the progress of this case expeditiously. Plaintiff, on the other hand, failed without explanation to respond to the Hospital's first set of discovery requests, forcing the Hospital to file a Motion to Compel. Only after the Hospital filed its Motion did plaintiff provide her discovery responses, more than two and one-half months after they were originally due. Similarly, when the Hospital experienced a delay in obtaining documents from the SSA relating to plaintiff's application for disability benefits, the plaintiff refused to provide the Hospital with copies of these documents from her own files thus forcing the Hospital to wait to receive copies from the SSA. See Pl. Tr. at 271-73. It would have been premature for the Hospital to seek leave to amend its Answer prior to receiving the records from the SSA in mid-December 2003, after discovery had closed and it had already filed its Motion for Summary Judgment.[6] Now that the Court has decided its Motion for Summary Judgment, the Hospital seeks merely to amend its Answer to assert a meritorious Affirmative Defense based on information acquired through discovery. Given the procedural background of this case, the Hospital's Motion for Leave to Amend is not untimely.

Furthermore, plaintiff will not suffer any prejudice if the Hospital is allowed to amend its Answer to assert an Affirmative Defense. The facts underlying this defense – the efforts plaintiff made to mitigate her damages – are fully within plaintiff's knowledge. Thus,

---

[5] Copy attached hereto as Exhibit D.

there is no need for plaintiff to seek any additional discovery.[7] The Hospital also is not seeking any additional discovery in connection with its Motion for Leave to Amend.[8] The Court has not yet issued a Trial Management Order and this case has not been scheduled for trial. Moreover, if the Hospital is granted leave to amend it will not result in a delay of the trial of this matter.

### III. CONCLUSION

For all the foregoing reasons, the Hospital asks that its Motion for Leave to Amend its Answer to assert an Affirmative Defense be granted.

Respectfully Submitted

DEFENDANT,
HARTFORD HOSPITAL

By: _____
Brenda A. Eckert
Federal Bar No. CT 00021
Gregg P. Goumas
Federal Bar No. CT 19095
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103-1919
Tel: (860) 251-5000
Fax: (860) 251-5214

---

[6] Moreover, had its Motion for Summary Judgment been granted, by seeking to amend its Answer prior to the Court's ruling the Hospital would have incurred unnecessary attorneys' fees.

[7] In fact, plaintiff has conducted no discovery in this case.

[8] The Hospital has filed a separate motion seeking to extend discovery by sixty (60) days for the limited purpose of deposing plaintiff's treating physician and to disclose an expert witness. The Hospital is seeking this limited additional discovery because it believes that plaintiff might attempt, as an element of her "pain and suffering," to prove through the testimony of her treating physician that her Hospital employment caused or exacerbated her seizure condition. The additional discovery the Hospital seeks is focused on plaintiff's ability to establish this causal nexus, rather than to explore plaintiff's efforts to mitigate.

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing Motion for Leave to Amend was mailed on this 9th day of August, 2004, via first class mail, postage prepaid, as follows:

Christine Corriveau, Esq.
Miniter & Associates
147 Charter Oak Avenue
Hartford, CT 06106

<u>With Courtesy Copy to:</u>

The Honorable Mark R. Kravitz
Chambers
United States District Court
141 Church Street
New Haven, CT 06510

                                                                   /s/ Gregg P. Goumas
                                                                   Gregg P. Goumas

378234 v.01 S2

# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELAINE KNIGHT | : | CIVIL ACTION NO.: |
| | : | 3:02-cv-1697 (MRK) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| HARTFORD HOSPITAL | : | |
| | : | |
| Defendant. | : | August 9, 2004 |

### AMENDED ANSWER AND AFFIRMATIVE DEFENSE

The defendant, Hartford Hospital (the "Hospital"), answers plaintiff's Complaint as follows:

**I.   PRELIMINARY STATEMENT**

1.   Upon information and belief, the Hospital admits that plaintiff is an African-American female. Further, the Hospital admits that plaintiff has commenced this action alleging discrimination based on race. The Hospital denies any remaining allegations in Paragraph 1.

2.   The Hospital denies the allegations in Paragraph 2.

3.   The Hospital admits that plaintiff's Complaint purportedly seeks declaratory and injunctive relief. The Hospital denies any remaining allegations in Paragraph 3.

1

**II.    JURISDICTION**

4.    The Hospital lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 4 and therefore leaves the plaintiff to her proof.

4(a).    Upon information and belief, the Hospital admits that plaintiff filed an administrative charge with the Connecticut Commission on Human Rights and Opportunities ("CHRO") on or about October 2, 2001 and that said charge was also filed with the Equal Employment Opportunities Commission ("EEOC"). The Hospital denies any remaining allegations in Paragraph 4(a).

4(b).    The Hospital admits that a Release of Jurisdiction dated March 20, 2002 and a Right to Sue Letter dated June 25, 2002 are attached to plaintiff's Complaint. The Hospital lacks sufficient knowledge to form a belief as to any remaining allegations in Paragraph 4(b) and therefore leaves the plaintiff to her proof.

5.    The Hospital admits that the jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. The Hospital denies the remaining allegations in Paragraph 5.

6.    The Hospital admits the allegations in Paragraph 6.

2

### III. PARTIES

7.  Upon information and belief, the Hospital admits that plaintiff is an African-American female and that during her employment with the Hospital she resided in Bloomfield, Connecticut. Further, the Hospital admits that plaintiff commenced her employment with the Hospital as the full-time Project Coordinator of the 21st Century Program at Bulkeley High School in or about January, 2001 and that she held that position until her employment was terminated in June, 2001. The Hospital also admits that the 21st Century Program awards grants to urban and inner city public schools to enable them to plan, implement and/or expand projects that benefit educational, social services, health, recreational and cultural needs of the community. The Hospital denies any remaining allegations in Paragraph 7.

8.  The Hospital admits that the 21st Century Program at which it employed plaintiff was conducted on the premises of Bulkeley High School ("Bulkeley") which is part of the Hartford Public Schools ("HPS"). The Hospital denies any remaining allegations in Paragraph 8.

9.  The Hospital admits the allegations in Paragraph 9.

10. The Hospital admits that Ms. Satherlie, a Caucasian female, was plaintiff's immediate supervisor and is the Director of the 21st Century Program at Bulkeley. The Hospital denies the remaining allegations in

Paragraph 10, including any allegation that plaintiff was subjected to retaliatory or discriminatory conduct.

11. The Hospital admits that Ms. Maxwell is a Caucasian female and is Ms. Satherlie's immediate supervisor. The Hospital denies the remaining allegations in Paragraph 11, including any allegation that plaintiff was subjected to retaliatory or discriminatory conduct.

## IV. STATEMENT OF FACTS

12. Upon information and belief, the Hospital admits that plaintiff is an African-American female. Further, the Hospital admits that plaintiff was employed by the Hospital as the full-time Program Coordinator for the 21st Century Program at Bulkeley High School from in or about January, 2001 to June, 2001. The Hospital denies any remaining allegations in Paragraph 12.

13. The Hospital admits the allegations in Paragraph 13.

14. The Hospital denies the allegations in Paragraph 14.

15. The Hospital admits that Ms. Satherlie told the plaintiff that Manuel Santiago would meet with her, but denies that Ms. Satherlie told her that the purpose of the meeting was to "explain why [plaintiff's] office had been removed." The Hospital is without knowledge or information sufficient to admit whether a meeting regarding plaintiff's desk ever took place between Mr. Santiago and plaintiff. The Hospital is also with knowledge or information sufficient to admit whether "files were removed from [plaintiff's] desk." The Hospital denies any remaining allegations in Paragraph 15,

including the allegation that plaintiff's office space was "dismantled" and "removed."

16. The Hospital denies the allegations in Paragraph 16, including the allegation that plaintiff was subjected to disparate treatment.

17. The Hospital admits that Ms. Maxwell terminated Ms. Knight's employment in June, 2001 for poor performance and insubordination. The Hospital denies any remaining allegations in Paragraph 17.

18. The Hospital admits that it terminated the employment of a black instructor in the 21st Century Program after learning that she had falsified her criminal history on her Hospital employment application. The Hospital lacks knowledge or information sufficient to form a belief as to the truth of the allegation that a white male teacher "falsified attendance and permission slips." The Hospital denies that Ms. Satherlie stated "what difference does it make, pay him anyway?" The Hospital also denies any remaining allegations in Paragraph 18.

## V. CLAIMS FOR RELIEF

### First Claim for Relief- 42 U.S.C. §2000e *et seq*.
### (As to the Hospital)

19. The Hospital incorporates its responses to Paragraphs 1-18 as if fully set forth herein.

20. The Hospital denies the allegations in Paragraph 20.

21. The Hospital denies the allegations in Paragraph 21.

<u>Second Claim for Relief- C.G.S. §46a-60 et seq.</u>
<u>(As to the Hospital)</u>

The Hospital does not respond to the Second Claim for Relief as it has been withdrawn against all defendants.

<u>Third Claim for Relief- 42 U.S.C. §1981</u>
<u>(As to the Individual Defendants)</u>

The Hospital does not respond to the Third Claim for Relief as it is not directed toward the Hospital.

<u>Fourth Claim for Relief- Negligent Infliction of Emotional Distress</u>
<u>(As to all Defendants)</u>

The Hospital does not respond to the Fourth Claim for Relief as it has been dismissed against the Hospital.

<u>Fifth Claim for Relief- Intentional Infliction of Emotional Distress</u>
<u>(As to all Defendants)</u>

The Hospital does not respond to the Fifth Claim for Relief as it has been dismissed against the Hospital.

<u>AFFIRMATIVE DEFENSE</u>

<u>Affirmative Defense as to the First Count:</u>

Plaintiff has failed to mitigate her damages.

WHEREFORE, the Hospital requests that judgment be entered in its favor and that it be awarded its costs and attorneys' fees, as appropriate.

DEFENDANT,
HARTFORD HOSPITAL

By /s/ Brenda A. Eckert
Brenda A. Eckert
Federal Bar. No. CT 00021
Gregg P. Goumas
Federal Bar No. CT 19095
Shipman & Goodwin LLP
One American Row
Hartford, Connecticut 06103
Telephone: (860) 251-5000
Telecopier: (860) 251-5599

## CERTIFICATION OF SERVICE

      This is to certify that a copy of the foregoing Answer was sent on this 9th day of August, 2004, via regular first class mail, to:

Christine Corriveau, Esq.
Miniter & Associates
147 Charter Oak Avenue
Hartford, CT 06106
(for the plaintiff)

                                          _____
                                            Gregg P. Goumas

378475 v.01 S1