UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELAINE KNIGHT, | : | CIVIL ACTION NO. |
| | : | 3:02-cv-1697 (MRK) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| HARTFORD HOSPITAL, | : | |
| | : | |
| Defendant. | : | August 9, 2004 |

**DEFENDANT HARTFORD HOSPITAL'S MEMORANDUM
IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND
ITS ANSWER TO ASSERT AN AFFIRMATIVE DEFENSE**

The defendant Hartford Hospital (the "Hospital") respectfully submits this

Memorandum in support of its Motion for Leave to Amend its Answer to assert an

Affirmative Defense.[1]

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed this action on September 23, 2002 against Hartford Hospital, Lynn

Satherlie, Susan Maxwell and the Hartford Public Schools, alleging violations of the Civil

Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. §1981,

intentional and negligent infliction of emotional distress, as a result of the Hospital's

termination of her employment as Coordinator of the 21st Century Program at Bulkeley High

School.  Earlier in the litigation, the Court dismissed the Complaint as to defendants

Satherlie and Maxwell due to plaintiff's failure to make proper service of process, and

dismissed plaintiff's claims for emotional distress as to the Hospital.

On January 7, 2003, the Hospital served on the plaintiff its First Set of Interrogatories and Request for Production. However, because plaintiff failed to respond to the Hospital's discovery requests despite numerous reminders or to provide Initial Disclosures in accordance with Federal Rule 26(a), on March 21, 2003, the Hospital filed a Motion to Compel and for Sanctions. Even though it had neither taken plaintiff's deposition nor received her discovery responses, the Hospital filed a timely Answer to plaintiff's Complaint on February 21, 2003. Plaintiff ultimately provided her Initial Disclosures on April 7, 2003, and responded to the Hospital's discovery requests on April 22, 2003, more than two and one-half months after they were due.[2] The Hospital began plaintiff's deposition on July 2, 2003, but the deposition ended early when plaintiff became medically unable to continue.

Plaintiff testified at her deposition that she has not worked nor sought alternative employment since her Hospital employment ended on June 21, 2001. Plaintiff's Deposition Transcript ("Pl. Tr.") at 15-18, 272-73.[3] Plaintiff claims to suffer from a seizure condition, which, according to her deposition testimony and Social Security disability-related records, dates back to 1998, almost three years prior to her Hospital employment. See Id. and SSA Disability Report at 2.[4] She testified that her seizure condition has completely disabled her from working and that she is collecting Social Security disability benefits. Pl. Tr. at 15-18, 272-73.

---

[1] The Hospital's proposed Amended Answer is Attached hereto at Exhibit A.
[2] On May 8, 2003, the Honorable Thomas P. Smith awarded the Hospital sanctions due to plaintiff's failure to respond to discovery in a timely manner.
[3] Portions of Plaintiff's deposition transcript are attached hereto as Exhibit B.
[4] Portions of the documents received from the SSA are attached hereto as Exhibit C.

On July 18, 2003, the Hospital served a second set of discovery requests seeking, among other things, information and documents relating to plaintiff's application for Social Security disability benefits. Plaintiff responded to these discovery requests on August 25, 2003, and provided the Hospital with an authorization enabling it to obtain from the Social Security Administration ("SSA") all documents relating to her application for disability benefits, which the Hospital immediately submitted to the SSA. See August 28, 2003 letter from M. Smith to SSA with authorization attached, at Exhibit C.

Because it was experiencing a delay in obtaining the requested documents from the SSA, during the continuation of plaintiff's deposition on October 14, the Hospital's counsel asked plaintiff if she would be willing to provide copies of her Social Security disability application from her own files. Pl. Tr. at 271-72. Plaintiff, however, declined to do so. Id. The Hospital then filed a timely Motion for Summary Judgment on November 26, 2003.

Shortly after December 11, 2003, while its Motion for Summary Judgment was pending, the Hospital received the requested documents from the SSA. See Letter from SSA, at Exhibit C. Oral argument on the Hospital's Motion for Summary Judgment was originally scheduled for February 13, 2004, but was postponed by the Court sua sponte. After oral argument on July 22, 2004, the Court granted the Hospital summary judgment as to the plaintiff's hostile work environment claim but denied it as to her claim for disparate treatment. Based on information acquired through discovery, the Hospital now seeks to amend its Answer and assert an Affirmative Defense that plaintiff has failed to mitigate her damages. No Trial Management Order has been issued and the case has not been scheduled for trial.

3

## II.     LAW AND ARGUMENT

Based on the evidence gathered through discovery, the Hospital now seeks to amend its Answer to assert an Affirmative Defense that plaintiff has failed to mitigate her damages. As a result, should plaintiff prevail in this action, she is not entitled to any back-pay award.

The Second Circuit has held that a party should be allowed amend its pleadings in the absence of a showing by the non-movant of prejudice or bad-faith. See State Teachers Retirement Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981). However, "the longer the period of an explained delay, the less will be required of the non-moving party in terms of showing prejudice." Evans v. Syracuse City Sch. Dist. 704 F.2d 44, 47 (2d Cir. 1983)(quoting Advocat v. Nexus Indus., Inc. 497 F. Supp. 328, 331 (D. Del. 1980). In determining what constitutes "prejudice," the Court must consider whether the assertion of the new claim would (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction. See e.g., Tokio Marine & Fire Ins. Co., 786 F.2d 101, 103 (2d Cir. 1986). Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." Fluor, 654 F.2d at 856. The liberal standard under Fed. R. Civ. P. 15(a) also applies when the movant is a defendant seeking leave to amend to assert an affirmative defense. See Block v. First Blood Associates, 988 F.2d 344, 350-351 (2d Cir. 1993); White-Ruiz v. City of New York, 1996 U.S. Dist. LEXIS 19346 (S.D.N.Y

4

1996)(holding that "the standard Rule 15 analysis [applies] when the defendants seek belatedly to assert a waivable affirmative defense, such as a time bar")[5].

At all times the Hospital has acted in good-faith and sought to advance the progress of this case expeditiously. Plaintiff, on the other hand, failed without explanation to respond to the Hospital's first set of discovery requests, forcing the Hospital to file a Motion to Compel. Only after the Hospital filed its Motion did plaintiff provide her discovery responses, more than two and one-half months after they were originally due. Similarly, when the Hospital experienced a delay in obtaining documents from the SSA relating to plaintiff's application for disability benefits, the plaintiff refused to provide the Hospital with copies of these documents from her own files thus forcing the Hospital to wait to receive copies from the SSA. See Pl. Tr. at 271-73. It would have been premature for the Hospital to seek leave to amend its Answer prior to receiving the records from the SSA in mid-December 2003, after discovery had closed and it had already filed its Motion for Summary Judgment.[6] Now that the Court has decided its Motion for Summary Judgment, the Hospital seeks merely to amend its Answer to assert a meritorious Affirmative Defense based on information acquired through discovery. Given the procedural background of this case, the Hospital's Motion for Leave to Amend is not untimely.

Furthermore, plaintiff will not suffer any prejudice if the Hospital is allowed to amend its Answer to assert an Affirmative Defense. The facts underlying this defense – the efforts plaintiff made to mitigate her damages – are fully within plaintiff's knowledge. Thus,

---

[5] Copy attached hereto as Exhibit D.

5

there is no need for plaintiff to seek any additional discovery.[7] The Hospital also is not seeking any additional discovery in connection with its Motion for Leave to Amend.[8] The Court has not yet issued a Trial Management Order and this case has not been scheduled for trial. Moreover, if the Hospital is granted leave to amend it will not result in a delay of the trial of this matter.

## III.    CONCLUSION

For all the foregoing reasons, the Hospital asks that its Motion for Leave to Amend its Answer to assert an Affirmative Defense be granted.

Respectfully Submitted

DEFENDANT,
HARTFORD HOSPITAL

By: _____
    Brenda A. Eckert
    Federal Bar No. CT 00021
    Gregg P. Goumas



Brenda A. Eckert
Federal Bar No. CT 00021
Gregg P. Goumas
Federal Bar No. CT 19095
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103-1919
Tel: (860) 251-5000
Fax: (860) 251-5214

---

[6] Moreover, had its Motion for Summary Judgment been granted, by seeking to amend its Answer prior to the Court's ruling the Hospital would have incurred unnecessary attorneys' fees.

[7] In fact, plaintiff has conducted no discovery in this case.

[8] The Hospital has filed a separate motion seeking to extend discovery by sixty (60) days for the limited purpose of deposing plaintiff's treating physician and to disclose an expert witness. The Hospital is seeking this limited additional discovery because it believes that plaintiff might attempt, as an element of her "pain and suffering," to prove through the testimony of her treating physician that her Hospital employment caused or exacerbated her seizure condition. The additional discovery the Hospital seeks is focused on plaintiff's ability to establish this causal nexus, rather than to explore plaintiff's efforts to mitigate.

6

The Honorable Mark R. Kravitz
Chambers
United States District Court
141 Church Street
New Haven, CT 06510

Gregg P. Goumas

378234 v.01 S2