UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELAINE KNIGHT, | : | CIVIL ACTION NO. |
| | : | 3:02-cv-1697 (MRK) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| HARTFORD HOSPITAL | : | |
| | : | |
| Defendant. | : | August 9, 2004 |

**DEFENDANT HARTFORD HOSPITAL'S
MEMORANDUM IN SUPPORT OF ITS EXPEDITED
MOTION TO EXTEND DISCOVERY FOR THE LIMITED
PURPOSE OF DEPOSING PLAINTIFF'S TREATING PHYSICIAN
AND FOR EXTENSTION OF TIME TO DISCLOSE AN EXPERT WITNESS**

The defendant Hartford Hospital (the "Hospital") respectfully submits this Memorandum in support of its Motion to extend the deadlines to complete discovery and to disclose an expert witness.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed this action on September 23, 2002 against Hartford Hospital, Lynn Satherlie, Susan Maxwell and the Hartford Public Schools, alleging violations of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. § 1981, intentional and negligent infliction of emotional distress, stemming from her employment by the Hospital as Coordinator of the 21st Century Program at Bulkeley High School. Earlier in the litigation, the Court dismissed the Complaint as to defendants

Satherlie and Maxwell due to plaintiff's failure to make proper service of process, and dismissed plaintiff's claims for emotional distress as to the Hospital.

According to the original Scheduling Order, discovery was to conclude on August 29, 2003. While the Hospital served discovery requests on plaintiff on January 7, 2003, it did not receive plaintiff's responses until April 22, 2003. The Hospital was then unable to commence plaintiff's deposition until July 2, 2003, because it was forced to wait until after it had obtained many of plaintiff's medical records based on authorizations she provided on April 22. While the Hospital began Plaintiff's deposition on July 2nd, it ended early when she became medically unable to continue. Then, on August 28, 2003, the Hospital sought its only previous extension of time to complete discovery, up until October 31, 2003. The Hospital then filed a timely Motion for Summary Judgment on November 26, 2003.

Following oral argument on July 22, 2004, the Court granted Hartford Public School's Motion for Summary Judgment as to all counts.[1] With respect to the Hospital's Motion for Summary Judgment, the Court granted it as to plaintiff's claim for hostile work environment, but denied it as to her disparate treatment claim. Plaintiff's Title VII disparate treatment claim is the sole remaining claim in this litigation. No trial management order has been issued and the case has not yet been scheduled for trial.

At plaintiff's deposition the Hospital learned that she has not worked nor sought employment since her Hospital employment ended on June 21, 2001. Plaintiff claims to suffer from a seizure condition, which, according to her deposition testimony and medical

---

[1] A hearing on defendants' Motions for Summary Judgment was originally scheduled for February 13, 2004, but was postponed by the Court *sua sponte*.

2

records, dates back to 1998, almost three years prior to her Hospital employment. She testified at her deposition that her seizure condition has completely disabled her from working. Her discovery responses reflect that she is collecting Social Security Disability benefits.

Based on plaintiff's Interrogatory responses and deposition testimony, the Hospital believes that plaintiff may try to present evidence at trial, perhaps through her treating physician, that her Hospital employment contributed to or exacerbated her seizure condition. Plaintiff has not, however, disclosed an expert witness in accordance with Fed. R. Civ. P. 26(a)(2)(B). While the Hospital takes the position that absent an expert disclosure such testimony should not be permitted, based on its research, there appears to be no controlling authority from the Second Circuit or guidance from any Court in the District of Connecticut on this issue.[2] In an effort to avoid incurring the substantial and potentially unnecessary expense associated with taking the deposition of plaintiff's treating physician, and in light of the fact that plaintiff presented a very weak disparate treatment case upon which the Hospital determined it would seek summary judgment, the Hospital did not depose plaintiff's treating physician prior to the close of discovery.

---

[2] Other District Courts which have considered this issue have come to differing conclusions. Many have allowed treating physicians not disclosed in accordance with Fed. R. Civ. P. 26(a)(2)(B) to provide opinion testimony so long as such opinion was acquired directly through treatment of the patient. See e.g., Salas v. United States, 165 F.R.D. 31, 33 (W.D.N.Y. 1996); Shapardon v. West Beach Estates, 172 F.R.D. 415, 417 (D. Haw. 1997). Meanwhile other Courts have taken the position that such treating physicians must be disclosed as experts pursuant to Rule 26(a)(2)(B). See Thomas v. Consolidated Rail Corp., 169 F.R.D. 1, 2 (D. Mass. 1996); and Widhelm v. Wal-Mart Stores, Inc., 162 F.R.D. 591, 593 (D. Neb. 1995).

3

## II. LAW AND ARGUMENT

If the Court believes that it would be inclined to allow plaintiff's treating physician to proffer opinion testimony despite the fact that she has not been disclosed as an expert witness, the Hospital respectfully requests that the discovery period be extended by sixty (60) days from the date the Court considers the instant motion to enable it to take the deposition of Dr. Bilchik, and also to disclose an expert witness pursuant to Fed. R. Civ. P. 26(a)(2)(B).

It is well established that under Federal Rule of Civil Procedure 16(b), the court may modify a pre-trial order upon a showing of "good cause" by the moving party. Fed. R. Civ. P. 16(b). The decision to permit amendment of the proposed joint pre-trial order rests within the discretion of the Court and should be granted when the "interests of justice make such a course desirable." Madison Consultants v. Fed. Deposit Ins. Corp., 710 F.2d 57, 62 n.3 (2d Cir. 1983)(quoting Clark v. Pennsylvania R. Co., 328 F.2d 591, 594 (2d Cir. 1964) cert. denied, 377 U.S. 1006, 84 S.Ct. 1943 (1694); see also Laguna v. American Export Isbrandtsen Lines, Inc., 439 F.2d 97, 101-02 (2d Cir. 1971)("We have not viewed ... modification [of proposed pretrial orders] with hostility."). In making such a determination, the court should balance "the need for doing justice on the merits between the parties ... against the need for maintaining orderly and efficient procedural arrangements." Laguna, 439 F.2d at 101 (quoting 3 J. Moore, Federal Practice P 16.20, at 1136 (3d ed. 1968)). The Court should also "consider whether any prejudice to the opposing party will result." Ismail v. Cohen, 706 F.Supp. 243, 255 (S.D.N.Y. 1989), aff'd in relevant part and rev'd in part on other grounds, 899 F.2d 183 (2d Cir. 1990).

4

In this case, plaintiff will suffer absolutely no prejudice if the Hospital is given the opportunity to depose her treating physician and disclose an expert witness. This case has not yet been scheduled for trial and no trial management order has been issued. Given the lack of any clear guidance from the Second Circuit on the issue of whether a treating physician who has not been disclosed pursuant to Fed. R. of Civ. P. 26(a)(2)(B) may provide opinion testimony, if the Court were to allow the plaintiff to present such opinion testimony but deny the Hospital the ability to discover such opinions in advance of trial, it would unduly prejudice the Hospital. Furthermore, the issue on which plaintiff's treating physician would likely provide opinion testimony -- whether her Hospital employment exacerbated her pre-existing medical condition -- is a significant issue as it relates to her claim for damages. If the Hospital is allowed to present its own expert it will assist in the jury's understanding of this complicated medical issue. Lastly, given the apparent absence of any controlling case law in the Second Circuit on the issue of whether a treating physician who has not been disclosed as an expert may offer opinion testimony, if the Court were inclined to permit such testimony, general notions of fairness dictate that the Hospital be allowed to discover such opinions in advance of trial and disclose its own expert.

At all times the Hospital has acted without delay to move this case towards trial expeditiously. It has only sought to extend the discovery deadline on one previous occasion for a period of sixty (60) days, and that was only after it experienced delays in obtaining documents requested through discovery and after the first session of plaintiff's deposition ended prematurely when she was medically unable to continue. Clearly, this request is not

5

motivated by bad-faith or dilatory motive and, if granted, will not delay the trial of this matter.

### III. CONCLUSION

For all the reasons discussed above, the Hospital respectfully requests that the Court grant its accompanying Motion to Extend the Discovery period by sixty (60) days from the date the Court considers this Motion to enable it to depose plaintiff's treating physician and for an extension of time to disclose an expert in accordance with Fed. R. Civ. P. 26(a)(2)(B).

Respectfully Submitted

DEFENDANT,
HARTFORD HOSPITAL

By: _____
Brenda A. Eckert
Federal Bar No. CT 00021
Gregg P. Goumas
Federal Bar No. CT 19095
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103-1919
Tel: (860) 251-5000
Fax: (860) 251-5214

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing Motion to Extend Discovery and for Extension of Time to Disclose Expert Witness was mailed on this 9th day of August, 2004, via first class mail, postage prepaid, as follows:

Christine Corriveau, Esq.
Miniter & Associates
147 Charter Oak Avenue
Hartford, CT 06106

With Courtesy Copy to:

The Honorable Mark R. Kravitz
Chambers
United States District Court
141 Church Street
New Haven, CT 06510

Gregg P. Goumas

378126 v.01 S1

7