UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

SEP 16  1 32 PM '04

ELAINE KNIGHT,
        Plaintiff

CIVIL ACTION NO: 3:02CV1697 (MRK)

NEW HAVEN, CONN.

v.

HARTFORD HOSPITAL,
HARTFORD PUBLIC SCHOOLS
LYNN SATHERLIE and
SUSAN MAXWELL,
        Defendants

SEPTEMBER 13, 2004

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER OBJECTION TO DEFENDANT HARTFORD HOSPITAL'S MOTION TO EXTEND DISCOVERY**

**I.   INTRODUCTION**

The Plaintiff in the above entitled matter hereby objects to Defendant Hartford Hospital's Motion to Extend Discovery for the Limited Purpose of Deposing Plaintiff's Treating Physician and for Extension of Time to Disclose Expert Witness in that it is untimely.

**II.   PROCEDURAL BACKGROUND:**

Plaintiff filed this action on September 23, 2002 against Hartford Hospital, Hartford Public Schools, Lynne Satherlie and Susan Maxwell for violations of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq, 42 U.S.C. §1981, and intentional and negligent infliction of emotional distress. After oral argument on Motions for Summary Judgment were heard by the Court on July 22, 2004, the Court dismissed all counts but a disparate treatment claim against the Hospital.

Defendant took Plaintiff's Deposition on July 2, 2003 and again on October 14, 2003. In the

July 2 deposition (See pp. 16-19), which commenced at 9:35 a.m., the Defendant inquired as to Ms. Knight's social security disability:

> Q. Your application for Social Security benefits, you provided truthful information?
> A. Yes, of course, certainly.
> Q. Did you certify in your application if you recall, whether you were completely unable to work?
> A. That was determined by my doctor at that time.
> Q. So your doctor has determined that you're completely unable to work?
> A. Yes. Well at that time.

Deposition of Elaine Knight Volume 1, p. 17, ll. 15-24.

The Deposition concluded at 3:58 p.m. after Ms. Knight was medically unable to continue. The Defendant sought and received an extension of time to complete discovery through October 31, 2003. At this late date, the Defendant now seeks to reopen discovery to depose Plaintiff's treating physician, of which he had notice of very early on in the Plaintiff's first deposition.

## III. ARGUMENT

### a. The Defendant had adequate notice that the Plaintiff's physician had declared her unable to work.

The Defendant is characterizing the fact that the Plaintiff's doctor was not deposed as some sort of delay by the Plaintiff, which it was not. The Defendant had adequate notice that the Plaintiff had been declared medically unable to work. The Plaintiff testified to her disability very early on in her July 2, 2003 deposition. However, the Defendant did not follow up on this until her October deposition. The Plaintiff believes that an Extension of Time to Depose Plaintiff's Doctor is untimely.

2

**b.     If the Defendant is allowed the Extension of Time, the Plaintiff requests that she be given time to disclose her own Expert Witness.**

If the Defendant is allowed additional time to depose Plaintiff's Doctor, the Plaintiff requests that she be allowed to signify her treating physician as an expert, so that there is no question as to whether he is eligible to testify at trial.

**b.     CONCLUSION**

The Court should deny Defendant Hartford Hospital's Motion to Extend Discovery, or in the alternative, allow the Plaintiff to Disclose her Treating Physician as an expert.

PLAINTIFF

By: _____
Christine E. Corriveau, Esq.
Miniter & Associates
100 Wells Street.
Hartford, CT 06103
(860) 560-2590
Federal Bar # No.: ct21212

CERTIFICATION

This is to certify that a copy of the foregoing has been mailed to the following counsel of record this ___ day of September, 2004:

Gregg P. Goumas
Shipman & Goodwin, LLP
One American Row
Hartford, CT 06103

_____
Christine E. Corriveau

3